IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BILLY HENDERSON,

       Plaintiff,                  No. 2:12-cv-0532 CKD P

    vs.

CALIFORNIA HIGHWAY PATROL, et al.,

       Defendants.           <u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). Plaintiff has consented to have a magistrate judge conduct all proceedings in this case. <u>See</u> 28 U.S.C. § 636(c).

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted. Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding

1

month's income credited to plaintiff's prison trust account.  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

The court has screened plaintiff's complaint and finds that it is too long and contains too much irrelevant information.  The court will dismiss plaintiff's complaint and grant leave to file an amended complaint.  In his amended complaint plaintiff shall not present any claims that call into question the lawfulness of the convictions for which plaintiff is presently in custody.  Heck v. Humphrey, 512 U.S. 477, 486-87  (1994).  Plaintiff should focus more on his allegations of excessive force and sexual misconduct.  Also, plaintiff shall not include any claims arising under California law unless he also pleads compliance with California's Tort Claims Act.  See Cal. Gov't Code § 910; Mangold v. Cal. Pub. Utils. Comm'n, 67 F.3d. 1470, 1477 (9th Cir. 1995).

More generally speaking, plaintiff must give fair notice and state the elements of his claims plainly and succinctly.  Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least some degree of particularity the overt acts in which defendants engaged that support plaintiff's claim.  Id.  Plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed

1  deprivation. <u>Rizzo v. Goode</u>, 423 U.S. 362 (1976); <u>May v. Enomoto</u>, 633 F.2d 164, 167 (9th Cir.
2  1980); <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).

3        Finally, plaintiff is informed that the court cannot refer to a prior pleading in order
4  to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended
5  complaint be complete in itself without reference to any prior pleading. This is because, as a
6  general rule, an amended complaint supersedes the original complaint. See <u>Loux v. Rhay</u>, 375
7  F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no
8  longer serves any function in the case. Therefore, in an amended complaint, as in an original
9  complaint, each claim and the involvement of each defendant must be sufficiently alleged.

10       In accordance with the above, IT IS HEREBY ORDERED that:

11     1. Plaintiff's request for leave to proceed in forma pauperis is granted.

12     2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.
13 All fees shall be collected and paid in accordance with this court's order to the Director of the
14 California Department of Corrections and Rehabilitation filed concurrently herewith.

15     3. Plaintiff's complaint is dismissed.

16     4. Plaintiff is granted thirty days from the date of service of this order to file an
17 amended complaint that complies with the requirements of the Civil Rights Act, the Federal
18 Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the
19 docket number assigned this case and must be labeled "Amended Complaint"; plaintiff must file
20 an original and two copies of the amended complaint; failure to file an amended complaint in
21 accordance with this order will result in a recommendation that this action be dismissed.

22 Dated: May 29, 2012

23                         /s/ Carolyn K. Delaney
24                         CAROLYN K. DELANEY
                        UNITED STATES MAGISTRATE JUDGE

25
26 1
   hend0532.14