IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BILLY HENDERSON,

    Plaintiff,          No. 2:12-cv-0532 CKD P

    vs.

CALIFORNIA HIGHWAY PATROL, et al.,

    Defendants.        ORDER AND

    _____/    FINDINGS AND RECOMMENDATIONS

    Plaintiff is a California prisoner proceeding pro se with an action for violation of civil rights under 42 U.S.C. § 1983. He is proceeding with claims arising under the Due Process Clause of the Fourteenth Amendment and from events occurring January 17, 2011 when plaintiff was arrested by California Highway Patrol (CHP) Officers and taken to the Glenn Medical Center (GMC). Defendant York (defendant), a Registered Nurse employed by the GMC, has filed a motion to strike plaintiff's punitive damages claim and separate motion to dismiss for failure to state a claim.

I. Plaintiff's Allegations

    In his amended complaint, plaintiff alleges that at some point after he was arrested, he was taken to the GMC. While there, defendant, and others, "hog-tied" plaintiff with handcuffs and strapped his legs, mid-section, and neck to a gurney. Defendant then removed

1

plaintiff's pants and underwear without plaintiff's permission.  For relief, plaintiff seeks, in part, punitive damages.

On July 17, 2012, the court screened plaintiff's amended complaint pursuant to 28 U.S.C. § 1915A and found that the allegations identified above state a claim upon which relief can be granted under the Fourteenth Amendment.  Under the Fourteenth Amendment, pretrial detainees may not be subjected to excessive force that amounts to punishment.  Graham v. Connor, 490 U.S. 386, 395 n.10 (1989).  The facts alleged provide a basis upon which a finder of fact could find that defendant's conduct amounted to punishment in violation of the Fourteenth Amendment.

II.  Motion To Dismiss Standard

Defendant has filed a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil procedure.  In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007).  In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  Furthermore, a claim upon which the court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 129 S. Ct. at 1949.  When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

III.  Defendant's Argument

Defendant asserts that plaintiff's amended complaint fails to state a claim against defendant because plaintiff fails to allege that plaintiff was acting "under color of [state law]"

when he committed the acts alleged as is required under 42 U.S.C. § 1983. After reviewing the website for the GMC (www.glennmed.org), the court judicially notices[1] that the GMC, defendant's employer, is a not-for-profit hospital which is not owned by any government entity, although Glenn County does lease to the company that owns the hospital the land and buildings used by the hospital. Accordingly, it does not appear defendant was ever a direct employee of the State of California or a California municipality.

However, plaintiff clearly alleges that defendant acted in consort with CHP officers who brought plaintiff to GMC and it is at least possible that GMC provides medical services to those detained by the CHP pursuant to a contract, some provision of law or that GMC would at least be reimbursed by the State for services rendered. As defendant notes "[p]rivate persons, jointly engaged with state officials in the challenged action, are acting under 'under color' of law for purposes of § 1983 actions." Dennis v. Sparks, 449 U.S. 24, 27-28 (1980). "It is enough that [a private person] is a willful participant in a joint action with the State or its agents." Id.

Construing plaintiff's complaint in the light most favorable to plaintiff, as the court must, the court finds that plaintiff has alleged enough facts upon which a finding that defendant York was acting under "color of state law" could be made. Of course, in a motion for summary judgment defendant is free to present his own facts indicating he was not an agent of the State or jointly engaged with state officials when he restrained plaintiff.

Defendant makes other arguments in his motion to dismiss concerning claims which, pursuant to the July 17, 2012 screening order, are not before the court. The court will not address those arguments.

/////

---

[1] Under Federal Rule of Evidence 201(b) the court may take judicial notice of any fact that is not subject to reasonable dispute because it can be "accurately and readily determined from sources whose accuracy cannot reasonably be questioned."

1   Finally, in his motion to dismiss, defendant requests that the court order plaintiff
2 to clarify his pleadings pursuant to Federal Rule of Civil Procedure 12(e).  Defendant fails to
3 offer any reason why such a motion should be granted.  In any case, plaintiff's amended
4 complaint is clear enough at this point in this case.
5 IV.   Motion To Strike Claim For Punitive Damages
6   Generally speaking, punitive damages are available in a § 1983 action against a
7 government employee if it is shown that the employee's conduct was motivated by evil intent or
8 motive, "or when it involves reckless or callous indifference to . . . federally protected rights. . ."
9 Smith v. Wade, 461 U.S. 30, 56 (1983).  As indicated above, the facts alleged by plaintiff state a
10 claim for excessive force under the Fourteenth Amendment and one of the elements of a
11 Fourteenth Amendment excessive force claim is that the force used amounted to punishment.  A
12 finding that defendant used excessive force against plaintiff in order to punish could include a
13 finding that defendant had evil intent or at least was recklessly or callously indifferent to
14 plaintiff's Constitutional rights.  Furthermore, the facts alleged do not preclude a punitive
15 damages finding.  For these reasons, defendant's motion to strike plaintiff's claim for punitive
16 damages should be denied.
17   Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court assign a
18 district court judge to this case.
19   IT IS HEREBY RECOMMENDED that:
20   1. Defendant York's motion to strike plaintiff's claim for punitive damages (Dkt.
21 No. 27) be denied.
22   2. Defendant York's motion to dismiss for failure to state a claim upon which
23 relief can be granted (Dkt. No. 28) be denied.
24   3. Defendant York be ordered to file his answer within 14 days.
25   These findings and recommendations are submitted to the United States District
26 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen

4

days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: April 29, 2013

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
hend0532.57